BUCKHANAN and HUNT VS. JAMES G. GAMBLE.

*Certiorari, in Talbot Superior Court, September Term,* 1842.

1st. Justices of the Peace before whom a set off is pleaded, when the debts are evidently not mutual, ought not to refer the set off to the Jury.

2nd. When there are two plaintiffs, the Jury cannot find against one, and in favour of the other.

The petition in this case and the return of the magistrates in obedience to the writ of *certiorari,* directed to them in the premises, shew, that the plaintiffs instituted an action upon an open account, for eleven dollars and twenty-five cents, against the defendant, to the April term, 1841, of the Justices' Court for the 689th District Georgia Mil. of the county of Talbot—that at the May term, 1841, of the Court, the defendant pleaded a set off which consisted of a promissory note made by one of the plaintiffs, *Buckhanan,* payable to one *Elijah Reeder,* and transferred to the defendant, which set off the Justices, on the trial of the action, rejected—that the defendant appealed to a Jury, and that upon the trial by the Jury, the Justices referred the plea and set off to them, but charged the Jury that the set off, in their opinion, could not be allowed the defendant without a breach of the Law; nevertheless, the Jury did so far allow the same as to find a verdict against *Buckhanan,* whose note was opposed to the action by the defendant, and found for the plaintiff, *Hunt, one half of the account sued for.*

Several errors took place on the trial which is under review. In the first place the Justices erred in referring the set off to the Jury. This, for the reason that the debts were *not mutual*; in other words, due to and from the same persons. The plaintiffs had a joint demand against the defendant, and the defendant a separate demand against one of the plaintiffs. The demands, then, were not adapted to the payment of each other. Secondly: the Jury committed error, both in allowing the set off to a partial extent, and in finding for one plaintiff and against the other. Such a form of verdict (other

*[Buckhanan & Hunt vs. Gamble.]*

difficulties out of the way) is not sanctioned by the rules of Law and pleading.

For these several reasons I have granted the motion of the petitioner, and ordered a new trial below.

MARSHALL J. WELLBORN, J. s. c. c. c.